Thank you. Good morning, your honors. Lance Rosenberg, on behalf of the appellant and defendant Karapet Damaryan, if it pleases the court, I would request five minutes for rebuttal. Keep an eye on the clock. Okay, thank you. We're here this morning to determine whether or not the district court views their discretion in not allowing my client to withdraw his plea at the time of sentencing. Is there a position that there was a fair and just reason for him to do so? The strongest argument, I believe, was that at the time of taking the plea, the client was misadvised by the district court, and the judge implied that he would receive up to two years on count two of his claim. It was not stated that it was going to be a mandatory two years. So between count one and count two, the client received a total of three years. It felt that the judge just glanced over there, stating the exact quote, you will receive up to two years for count two. The judge did not the rest of the sentence, the paragraph.  The rest of the paragraph. Yes. He did go on to state that you do understand that, let me rephrase that, if it's count one, you get up to 30 years, and with count two, a total of 32 years, do you understand? Because of the mandatory consecutive sentence in count two. Correct. Judge did indicate it, that it was mandatory. However, this, my client, part of his request would also be that he lacked the competency and appreciation of taking the plea. But the other thing is, this was all translated, right? Agreed, yes. It was Armenian, too. No, no. And, you know, whether this, you know, slip of the tongue was even translated. And I wasn't there at the time of taking the plea. He did have prior counsel, so I can attest. Like yourselves, I'm just also reading from what was stated at the time. I always get really nervous about nitpicking words when you know that what the person that, you know, that it wasn't said to him in this language anyway. Agreed. The client was also under medications at the time. He had the district court know that? I believe he was. The district judge. District judge. Well, he didn't, to this day, has not put in a declaration saying he was under medications at that time. Right. Agreed. So we don't have it. It's just not here. I believe it was indicated to PSR, and it should have been in the report, because he was — Well, that he was generally on medications, but that he was on medications that day, which could have had any impact on his cognition, is not in the record. Agreed. Not in the record. I — The PSR was after his — he entered his plea. Right. His trial counsel did understand the drug. He had suffered numerous strokes, was under cancer, and had — Look, if you had come in — Oh, sorry. — with a declaration that said, you know, I didn't want to tell you at the time, but I was taking X, Y, and Z, and I couldn't think, and I was — my mind was a mess, that would be a different story. I would agree that that would be a different story. And this story doesn't have any proof that he was under any medication that could have affected him. And that also leads into the argument that there was ineffective assistance of counsel, that he should have been advising him, should have clearly indicated that was a mandatory two years. In fact, his statement was coasting to taking a deal that he was facing up to 30 years if he didn't take the deal. Client, again, he did have an interpreter telling him after the fact of the medications for depression. Do we have a declaration saying that? We do not. Okay. That all those coupled with his diminished capacity of not knowing the legal system, of not being a first-time offender, the language barriers, being recently immigrated to the United States at the time, think of taking all that as a total, suggest that. It was fair and just reason. He hears the words from the judge telling him, you will face up to two years. You will count two. You will face up to one year. Count one. His attorney told him, you're likely candidate for probation or just a few months out of sentence. It was never clearly stated to him of a two-year mandatory. With that, I will reserve the rest of our rebuttal. Thank you. All right. That's fine. Good morning, Your Honor. May it please the Court. Matthew Morris. I represent the United States. I was one of the two prosecutors in the district court. There was no abuse of discretion here, Your Honor, because the district court identified the correct legal standard and didn't make a ruling that was illogical, irrational, or unsupported by the record. I think it's important, Judge Berzon, I think you hit the point here, that the — there was one momentary slip-up where the district court said up to two years and, in fact, corrected himself. And so let me rephrase that. And then spelled out, because of the — Well, he didn't correct himself lucidly, I mean, all that clearly. He didn't say, no, not up to two years, mandatory two years. He then started this complicated example, which wasn't — you know, if — I would say, if it were for the fact that he'd already been told three different times that it was a mandatory two years, this wouldn't have been all that lucid. Fair. It wasn't the most clear, Your Honor. He did three things, though, after that initial up to two years. He said, because of the two-year sentence, and then he says, because of the mandatory consecutive sentence on count two, and then he gave this example of, if I give you 30 years on count one, because of the mandatory consecutive sentence, I have to give you a total of 32 years, and then says, do you understand that? And Mr. DeMarian said, yes. Mr. Rosenberg, at the hearing on the motion to withdraw, characterized that as being completely clear and concise and went beyond clearing it up. And so given where the district court was on the motion to withdraw the plea, being told by the defendant's new counsel that this correction more than cleared it up, there's no abuse of discretion for the judge to have accepted that representation. But the judge, after incorrectly saying that you can receive a sentence of up to two years for count two, didn't say, let me correct that or that was a mistake, scratch that. He said, let me rephrase that. That's right, Your Honor. Rephrasing means I'm saying the same thing in substance. I'm just using different words to make it more clear. Wouldn't you agree? The words do mean different things, Your Honor. I think this court in Nostratus says that the court, as reviewing this, looks at the entirety of the plea colloquy in total. It doesn't look at just one sentence and ignore the remainder. And so under Nostratus, which the district court referenced in the motion to withdraw the plea, the right thing for him to do is to look to the totality of the plea colloquy to see if a plea was entered knowingly. And that's the conclusion that he made, and that wasn't an abuse of discretion. Right. But if you're told X, and then the person who told you X says, well, let me rephrase it, and Y, aren't you going to assume that X equals Y? I don't think in this context, Your Honor, given how clear it was where he says because of the mandatory consecutive, if you get 30, you're going to get 32. I think in the context of the entire paragraph, it shows that certainly it probably would have been better if Judge Burrell had said, as you said, scratch that, let me correct myself. But what he did do is clearly say the two-year sentence, which is mandatory and consecutive, and then gave an example that showed 30 plus 2 equals 32, and that's the sentence you'll receive. No, he didn't. That's not what he said. He said if you are sentenced to 30 years for pleading guilty to count one, because of the mandatory consecutive sentence in count two, you'll have to serve a sentence of 32 years. Now, as lawyers, we look at that and we can kind of figure out what the judge is saying. But if you're a layperson and a defendant, the defendant could have taken that to say, well, if I give you 30 years on count one, then I'm going to give you two years on count two, and then it's going to be 32 years. He didn't say, the judge didn't say, under any conceivable set of circumstances, the lowest sentence I can give you on count two is two years. That's true. He didn't use those words, Your Honor. Right. But he didn't use those words, but he didn't even convey that concept. Well, I can only rely on what Mr. Rosenberg told the judge at the motion to withdraw the plea, which was that it did, in fact, convey that, that it more than cleared it up and that it was clear and concise. Well, suppose that he had not cleared it up. He had just stopped with the place in prison up to two years. If he had already been told several different times otherwise, this would still control, right, and we would have a problem. There would be more of a problem, Your Honor. It certainly is. But the whole point of Rule 11 is precisely to not have a passive person just hearing things. In other words, it's to say, do you understand that, right, and get a response back. And so the fact that he was advised at other times but without a buy-in, essentially, doesn't necessarily matter, does it? The prior advice does matter in that it goes to the question of what's a fair and just reason to withdraw. Well, it doesn't go very directly to what he knew in the sense that people tune out. I mean, you know, tune out, you can say yes and tune out, too, but the reason we have Rule 11 is essentially to have this dialogue in which you know that the person is supposed to be listening, and if he says yes, you can hold him to it. And so I — there is something special about a Rule 11 colloquy as opposed to other advisements. There is — there is something special about Rule 11, but this Court in Estrada says that we look to the totality of the Rule 11 colloquy. Well, but that's a different point. I'm positing — my understanding is that you're asking us to look outside the Rule 11 colloquy at the plea agreement and the two arraignments in which he was clearly told about the two years, but that's not the Rule 11 — the Rule 11 colloquy. That's true, Your Honor. It is not. But the question is — this Court has said if you're looking at the Rule 11 colloquy, Estrada says look at all of it. And then going to some of the other surrounding information that the defendant raised in this case, so, for example, a misadvisement by counsel, this Court in Garcia and Olivares-Orozco says even if there is misadvisement by counsel. But I'm not asking you that. I'm asking you — I said before, but it gives me pause, that this — I would not find this statement, even with the correction, terribly clear standing by itself. However, he was told three other times, at least, that there was a two-year — by a judge — well, twice by a judge and once in the plea agreement, which was read to him, that there was a two-year mandatory sentence. And what I'm asking you is, do we take that into account? You do, Your Honor, just as, for example, the court can take — or the district court was able to take into account that this request was made on the eve of sentencing, and that's the Amashiro case. So the Court's allowed to look to the totality of what's going on in front of me, what was this person advised of, what's the course of dealing been, to decide whether there's a fair and just reason. So Yamashiro says, if it comes in on the eve of sentencing, the judge can consider that as being evidence of a last-minute change of heart. And in fact, this court — the district court in this case did say, I'm of the opinion that what's going on here is not that he didn't understand, but that he has decided on the eve of sentencing that he doesn't like the fact that he might get what I had said he could get. Likewise, the prior advisements goes to the question of whether or not, in fact, he knew and whether there was any kind of un-clarity or something wrong with this stumbling that the district court did. So all of this together goes to the question of whether, within the wide range of discretion that the district court has, of whether or not he found a fair and just reason to withdraw the plea. Going back to one of your prior questions, it would be a different world, for example, if he had come in the next day and said, I didn't understand what happened yesterday. Here's an affidavit signed under penalty of perjury. Please allow me to undo my plea. That's what not — that didn't happen. And you would have argued just as hard that he shouldn't be able to? I'm sorry, Your Honor. And you would have argued just as hard that he shouldn't have been able to? I'm not sure we would have argued that just as hard, Your Honor. I think part of — as we pointed out to the district court and we pointed out here, part of this is the context of the four or five continuances of sentencing and then literally on less than 48 hours before sentencing following the motion asking to withdraw the plea. I see I'm down to about a minute. I'm happy to address the interpreter issue and or the criminal history issue or the disparity issue that was raised. But I note — What's the interpreter issue? I didn't know that. The fact that — I guess the argument that because he was using interpreters that that should somehow count against the volatileness of the plea. We don't agree. He was — he may not be a native English speaker, but he had interpreters throughout, and those interpreters are court certified and are presumed to properly interpret. Likewise, any question about whether the negotiation of the dismissal of the aggravated I.D. theft with respect to the co-defendant, there was no dismissal of aggravated I.D. theft as to the co-defendant. We never charged it. We never dismissed it. So that's an incorrect statement. I don't want the court to have a misperception about the record in this case. There aren't any further questions, but I'll simply — No. Thank you, Your Honor. Thank you. Thank you. I would like to address something that counsel did bring up at the time when we were discussing the misadvisement by the district court. I did agree that the judge had cleared up. That's coming from a vacuum of myself being an attorney, understanding the process. I don't feel, speaking on my behalf, whether clearing it up, that is not also relying on my client as the way he interpreted it. I still think that the issue with the interpreter, I'm sure, was gladly and correctly translated to him. I still just feel that when you're telling someone that you're facing up to two years, you're facing up to 30 years, it — and the priorness of his knowledge of what was happening, not happening with his co-defendant, the disparity in the sentence regarding that, the court was — What does the co-defendant have to do with it? Admittedly, the co-defendant, the co-conspirator was the more serious — But he didn't — he didn't do the identity theft was the problem. Right. Right. So this guy was the guy who dressed up — who made believe he was somebody else, not the other guy. That's true. He was presented with a card that had his picture that, obviously, he relied on to secure the goods that were taken. I wanted to bring up the fact that the trial court was aware that he was suffering from cancer. The inquiry at the time was, are you under any medications that can interfere with your — We can't get anywhere with this one. We do not now have any evidence that he was under medication. There's just no way. I just feel that there should have been a better — he took that as an accusatory statement question. Whatever he did, if he had come in now with a declaration saying that he took X, Y, and Z medication before that day and he — and his mind was screwed up, that would be one thing. He hasn't done that. Finally, I'd like to indicate that I think we have to place a large burden on the fact of the district court. I don't think his explanation helped my client. Asked earlier between the plea agreement, the arraignment, and the like was whether the two years mandatory was completely appreciated by my client. I say no. When he's sitting in an intimidating pressure like the district court and the judge telling him, the man he sits before and has to be quite respectful to, telling him, you will be sentenced up to two years, comes back with a formula, rephrasing it, that I can appreciate it. I understood. I know the law, what it meant. But I don't think the way it was addressed to my client — You would have to serve a sentence of 32 years. Do you understand what I just said? Yes. It does state that. Correct. However, I don't think it was a clear phrasing by the judge when he told him that. I mean, of course, I mean, your premise has to be that he was paying so much attention that he understood up to two years is different than two years, but then he stopped paying attention, essentially. Agreed. Yes. Thank you. I have nothing further I submit unless the Court has any further petition or inquiry. I don't think so. Thank you very much. We appreciate your arguments. Thank you.
judges: Paez, Berzon, Feinerman